IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
GARY STOLTZ                        :
                                   :
v.                                 :   Civil No. WMN-06-1928
                                   :
MAYOR & CITY COUNCIL OF            :
BALTIMORE, MD et al.               :
                                   :
```

**MEMORANDUM**

Before the Court is the motion of Defendants, Mayor and City Council of Baltimore, and Directors of the Baltimore City Department of Human Resources Elliott Wheelan and Gladys Gaskins, to dismiss or, in the alternative, for summary judgment. Paper No. 5. Plaintiff, Gary Stoltz, has opposed the motion and Defendants have replied. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Gary Stoltz is an employee of the Baltimore City Fire Department ("BCFD"), a member of the Maryland National Guard, and a member of the International Association of Fire Fighters ("IAFF"). The BCFD requires eligible fire fighters who are interested in being promoted to the position of Lieutenant to sit for the Lieutenant's Examination, a proctored examination administered by the City of Baltimore's Department of Human

Resources ("DHR") and given only on specific dates and times throughout the year.  Stoltz was eligible to sit for the examination being offered in Baltimore on June 14, 2003, at 9:00 a.m., however, at that time, he was on duty with the Maryland National Guard.  The DHR made arrangements for fire fighters on duty with the National Guard to take the examination at their assigned locations.  Due to circumstances allegedly beyond his control, Stoltz did not sit for the examination until 3:00 p.m. on January 14, 2003, and he did not notify DHR of the delay.  As a result of his high score on the examination, Stoltz was placed second on the list of candidates to be promoted to Lieutenant.

Upon learning of Stoltz's deviation from the routine examination procedure, DHR removed Stoltz's name from the list of candidates for promotion.  Following several unsuccessful attempts to convince DHR to reconsider its decision, on March 23, 2005, Stoltz filed a grievance in accordance with the terms of the <u>Memorandum of Understanding Fiscal Years 2005-2007 between the Mayor and City Council of Baltimore and Baltimore Fire Fighters, Local 734, IAFF</u> ("MOU").  The MOU sets out a five-step grievance process for the resolution of complaints regarding a fire fighter's terms and conditions of employment.  Stoltz and the IAFF pursued his grievance through step four, a hearing before the Baltimore City Labor Commissioner.  On November 3, 2005, the Commissioner denied Stoltz's grievance and neither

Stoltz nor the IAFF appealed the denial.

On July 26, 2006, Stoltz filed a two-count complaint in this Court.  In Count I, Stoltz alleges that Defendants' removal of his name from the list of candidates for promotion constituted an abuse of discretion resulting in an arbitrary and capricious act, in violation of the Baltimore City Code and Maryland common law.  In Count II, Stoltz alleges that Defendants' actions constituted a violation of the Uniformed Service Employment and Reemployment Rights Act,[1] 38 U.S.C. § 4301 et seq. ("USERRA").

**II. STANDARD OF LAW**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  "To survive [a] motion to dismiss, Plaintiffs must have alleged facts that show that they

---

[1] Count II of Stoltz's complaint refers to the "Veterans Reemployment Rights Act, [] 42 U.S.C. § 4311 et seq."  On October 13, 1994, USSERA, codified at 38 U.S.C. § 4301 et seq., replaced the Veterans Reemployment Rights Act.  Pub. L. No. 103-353, 108 Stat. 3150 (1994).  The Court must assume that Plaintiff intended to assert a claim under the new statute.

are entitled to relief on their substantive causes of action." In re Criimi Mae, Inc. Securities Litigation, 94 F. Supp. 2d 652, 656 (D. Md. 2000).

### III. DISCUSSION

#### A.  USERRA Claim (Count II)

Stoltz claims that Defendants' removal of his name from the list of promotional candidates violated the protections afforded him under section 4311(a) of USERRA.  Section 4311(a) provides that "[a] person who is a member of . . . a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."  38 U.S.C. § 4311(a).  "[A]n employer shall be considered to have engaged in prohibited conduct under § 4311(a) only if the employee's military status is a 'motivating factor.'" Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 306 (4th Cir. 2006) (quoting 38 U.S.C. § 4311(c)(1)).  An employee alleging a claim under section 4311 has the burden of proving that the employer discriminated against him or her based on a status or activity protected by USERRA.  20 C.F.R. § 1002.22 (2006).

Courts addressing USERRA's proof requirement have found that the burden-shifting framework articulated by the Supreme Court in establishing violations of the National Labor Relations Act also applies in establishing violations of section 4311 of USERRA.

4

See, e.g., Brandasse v. City of Suffolk, Va., 72 F. Supp. 2d 608, 617 (E.D. Va. 1999) (adopting the burden shifting framework established in NLRB v. Transp. Mgmt. Corp., 462 U.S. 393, 401 (1983)); Kelley v. Me. Eye Care Assoc., P.A., 37 F.Supp. 2d 47, 54 (D. Me. 1999); Gummo v. Village of Depew, N.Y., 75 F.3d 98, 106 (2d Cir. 1996) (citing S. Rep. No. 158, 103d Cong., 2d Sess. 45 (1994) and H.R. Rep. No. 65, 103d Cong., 2d Sess. 18, 24 (1994), U.S.C.C.A.N. 1974, 2449)); Smith v. Thomas Lighting, No. Civ.A.1:97CV239-D-D, 1998 WL 527307, at *2 (N.D. Miss. Aug. 5, 1998); Daggett v. Chicago Transit Auth., No. 96 CV 05348, 1998 WL 831848, at *10 (N.D. Ill. Nov. 25, 1998); Robinson v. Morris Moore Chevrolet-Buick, Inc., 974 F.Supp. 571, 575 (E.D. Tex. 1997).  Under that framework, a claimant must first establish a prima facie case of discrimination by showing by a preponderance of the evidence that his or her protected status was a motivating factor in the adverse employment action.  Brandsasse, 72 F. Supp. 2d at 617; see also Hill v. Michelin N. Am., Inc., 252 F.3d 307, 312 (4th Cir. 2001) (finding that, though military status must be established as a motivating factor, claimant is not required to show that military status was the sole cause of the adverse employment action).  If the claimant meets this showing, "the employer may avoid liability if he can demonstrate that military status was not a motivating factor in the adverse employment action."  Brandsasse, 72 F. Supp. 2d at 617.

   Here, Stoltz has failed to establish that his military status was a "motivating factor" in Defendants' removal of his

5

name from the list of candidates for promotion.  With regard to Defendants' motivation, Stoltz's complaint alleges only that "the DEFENDANTS, upon learning of the difference in time of test administration, removed STOLTZ from the list on or about July 30, 2003."  Compl. 3-4.[2]  Stoltz does not allege, nor does he provide facts which would support an inference that Defendants treated him differently than similarly situated non-military candidates.  To the contrary, the allegations of Stoltz's Complaint support Defendants' contention that they properly accommodated his National Guard obligations.  Stoltz admits that Defendants allowed him to take the examination during his tour of duty with the National Guard, that Defendants were not responsible for his failure to sit for the examination at the appropriate time, and that, believing he had taken the examination in accordance with the appropriate procedures, Defendants had properly placed him on the list of candidates eligible for promotion.  Because the allegations in the complaint, taken in the light most favorable to Stoltz, provide no basis which would entitle Stoltz to relief under section 4311(a) of USERRA, Count II must fail.  See 38 U.S.C. § 4311(c)(1); 20 C.F.R. § 1002.22; Hill, 252 F.3d at 312.[3]

---

[2] Stoltz's Answer in Opposition to Motion to Dismiss or for Summary Judgment repeats this contention, noting that Defendants removed his name from the list of candidates "solely for the reason that he was given the test at 3 pm [sic] rather than 9 a.m. on the exact day prescribed for its administration." Opp. 2.

[3] Defendants also contend that Stoltz's failure to exhaust his remedies under the MOU bars litigation of his suit under USERRA.  Because the Court finds that Stoltz has failed to state a claim under USERRA, it need not decide that issue.

B.  Abuse of Discretion Claim (Count I)

In Count I of his complaint, Stoltz alleges that Defendants' failure to exercise proper discretion in administering the examination resulted in arbitrary and capricious action which violated "City Statutes, including Article VII of the City Charter, Article XII, et seq. of the Baltimore City Code and Maryland Common Law . . . ."  Compl. 4-5.

The claims alleged in Count I are based on common law and state statutory law and do not raise a federal question.  In view of this Court's decision to dismiss Stoltz's USERRA claim, the Court declines to exercise its supplemental jurisdiction over the remaining claims in Count I.  See 28 U.S.C.§ 1367(c)(3)(providing that the district court may decline to exercise supplemental jurisdiction over related state law claims if it has dismissed all claims over which it has original jurisdiction).  Accordingly, the Court will dismiss Count I as well.  See Krim v. Coastal Physician Group, Inc. 81 F. Supp. 2d 621, 632 (M.D.N.C. 1998).

**IV. CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss or in the Alternative for Summary Judgment will be granted.  A separate order will follow.

/s/

_____
William M. Nickerson
Senior United States District Judge

Dated: November 1, 2006